**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>vs.<br><br>Dennis Mahon (1); and Daniel Mahon (2),<br><br>Defendants. | No. CR-09-712-PHX-DGC<br><br>**ORDER** |

Count 1 of the superseding indictment charges Defendants with conspiracy to damage buildings and property by means of explosives in violation of 18 U.S.C. §§ 844(n) and 844(i). Doc. 476. Count 1 reads as follows:

> From on or about September 26, 2003 to on or about June 25, 2009, in the District of Arizona and elsewhere, defendants DENNIS MAHON and DANIEL MAHON and others known and unknown to the grand jury did knowingly and unlawfully combine, conspire, confederate and agree together to maliciously damage and destroy by means of fire and explosives, buildings and other real property used in interstate and foreign commerce and in activities affecting interstate and foreign commerce.

*Id.* at 1. Count 1 further explains that the object of the conspiracy was to "promote racial discord on behalf of the 'White Aryan Resistance (WAR),'" and that it was part of the conspiracy that one or more of the conspirators "build and deliver an explosive device to the City of Scottsdale Office of Diversity and Dialogue," "teach an individual how to

build a package containing a pipe bomb," and "send to others training materials on the production of and use of explosives, techniques to avoid detection by law enforcement, and methods to commit terrorism." *Id.* at 2. Count 1 includes a list of 16 overt acts allegedly committed in furtherance of the conspiracy, and states which Defendant allegedly committed each act, the approximate date each act was committed, and the nature of each act. *Id.* at 2-4.

In an order dated July 9, 2010 (Doc. 407), the Court denied Defendants' motion to dismiss Count 1 as duplicitous (Doc. 327). Dennis Mahon has filed a motion for reconsideration of that order. Doc. 1131. The motion is fully briefed. Docs. 1146, 1155. For reasons stated below, it will be denied.[1]

"An indictment is considered duplicitous if a single count combines two or more different offenses." *United States v. Renteria*, 557 F.3d 1003, 1007 (9th Cir. 2009); *see* Fed. R. Crim. P. 8(a). Defendant previously argued that there are three distinct conspiracies alleged in Count 1 – a conspiracy to bomb, a conspiracy to teach an informant how to build a bomb, and a conspiracy to take action against the power grid. Doc. 327 at 8. The Court rejected this argument (Doc. 407 at 7), finding that the indictment clearly states that it is alleging a single conspiracy – that is, a conspiracy to "maliciously damage and destroy . . . buildings and other real property used in interstate and foreign commerce[.]" Doc. 476 at 1. Defendant presents no new legal argument in his motion to reconsider. *See* Doc. 1131 at 1. The motion will be denied to the extent Defendant reasserts the argument that Count 1 impermissibly states three separate conspiracies. *See id.* at 3.

Citing the government's motion to introduce Defendant's statements (Doc. 1092) and response to a motion in limine (Doc. 1066), Defendant claims that the government has added two new conspiracies: a conspiracy related to noose hanging and the

---

[1] Defendant's request for oral argument is denied because the issues have been fully briefed and oral argument will not aid the Court's decision.

- 2 -

"Jena Six" prosecution and a WAR conspiracy with Tom Metzger as the leader. Doc. 1131 at 2. Count 1, according to Defendant, therefore runs afoul of Rule 8(a)'s prohibition against alleging more than one offense in a single count. *Id.* at 2-3.

The government argues, correctly, that Count 1 of the superseding indictment alleges a single, discrete conspiracy. Doc. 1146 at 1. The government also makes clear that it will seek to establish no conspiracy other than the one alleged in Count 1. *Id.* at 2. Defendant disputes that evidence related to noose hanging is relevant to the conspiracy alleged in Count 1 (Doc. 1155 at 2), but this evidentiary objection does not render Count 1 duplicitous.

It is worth noting that "where conspiracy is the charge, the established rule is that a charge of conspiracy to commit more than one offense may be included in a single count without violating the general rule against duplicity." *United States v. Smith*, 891 F.2d 703, 713 (9th Cir. 1989). Stated differently, the "allegation in a single count of a conspiracy to commit several crimes is not duplicitous, for [t]he conspiracy is the crime, and that is one, however diverse its objects." *Id.* at 712 (quotation marks and citations omitted).

In summary, Defendant has presented no basis for the Court to reconsider its order denying the motion to dismiss Count 1 as duplicitous.

**IT IS ORDERED** that Dennis Mahon's motion to reconsider (Doc. 1131) is **denied**.

Excludable delay pursuant to 18 U.S.C. § 3161(h)(1)(D) is found to commence on August 12, 2011 for a total of __ days.

Dated this 15th day of September, 2011.

_____
David G. Campbell
United States District Judge