**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>vs.<br><br>Dennis Mahon (1); and Daniel Mahon (2),<br><br>Defendants. | No. CR-09-712-PHX-DGC<br><br>**ORDER** |

Count 1 of the superseding indictment charges Defendants with conspiracy to damage buildings and property by means of explosives in violation of 18 U.S.C. §§ 844(n) and 844(i). Doc. 476. Count 1 includes a list of 16 overt acts allegedly committed in furtherance of the conspiracy. *Id.* at 2-4. Overt Act 3 alleges that Defendant Daniel Mahon "discussed with an individual how to plan for criminal activity, how to dress to avoid detection by law enforcement, and how to blow-up a vehicle by releasing phosphorus compound into its gas tank." *Id.* at 3.

Those statements, among others, allegedly were made on January 29, 2005 at a trailer park in Catoosa, Oklahoma where Daniel Mahon and his brother Dennis Mahon were living. The statements purportedly were heard (but not recorded) by law enforcement agents as part of an undercover surveillance operation. Other statements were recorded on video and audio tape.

Daniel Mahon has filed a motion to preclude all statements made in Catoosa in January and February 2005 and a motion to dismiss Overt Act 3. Doc. 1158. The

government opposes the motions. Doc. 1164. Defendant has filed no reply. For reasons stated below, the motions will be denied.

Because his videotaped statements lack the requisite chain of custody to establish foundation, Defendant contends, the government should be precluded from playing the tapes at trial. Doc. 1158 at 1-2. The government argues, correctly, that "a break in the chain of custody goes only to the weight of the evidence." *United States v. Harrington*, 923 F.2d 1371, 1374 (9th Cir. 1991); *see Melendez-Diaz v. Massachusetts*, 129 S. Ct. 2527, 2532 n.1 (2009) (same). "Merely raising the possibility of tampering is not sufficient to render evidence inadmissible." *Harrington*, 923 F.2d at 1374. Defendant's motion in limine will be denied to the extent he asserts a lack of chain-of-custody foundation. *See United States v. Matta-Ballesteros*, 71 F.3d 754, 769 (9th Cir. 1995) (district court did not abuse its discretion in admitting tape recordings "despite the defects in chain of custody").

Certain equipment and other tangible items used in connection with surveillance at the trailer park in Catoosa are not available for disclosure. *See* Doc. 1140. Claiming that this prevents him from presenting an adequate defense, Defendant asserts that the government should be precluded from using any statement made in Catoosa and Overt Act 3 should be dismissed. Doc. 1158 at 2-4. Defendant cites no legal authority in support of those assertions. Nor does he respond to the government's arguments that he can defend against the tape recordings that have been disclosed, that his unrecorded statements are admissible, and that individuals to whom he made the unrecorded statements will testify in support of Overt Act 3. Doc. 1164. The motion in limine and motion to dismiss the overt act will be denied.

Defendant requests an evidentiary hearing, but presents no supporting argument. The request therefore is denied. The request for oral argument is denied because the parties have had a full opportunity to brief the issues and oral argument will not aid the Court's decision

**IT IS ORDERED** that Daniel Mahon's motion in limine and motion to dismiss Overt Act 3 (Doc. 1158) is **denied**.

Excludable delay pursuant to 18 U.S.C. § 3161(h)(1)(D) is found to commence on August 31, 2011 for a total of __ days.

Dated this 16th day of September, 2011.

_____
David G. Campbell
United States District Judge