**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>vs.<br><br>Dennis Mahon (1); and Daniel Mahon (2),<br><br>Defendants. | No. CR-09-712-PHX-DGC<br><br>**ORDER** |

Defendants are charged, among other things, with conspiracy to damage buildings and property by means of explosives in violation of 18 U.S.C. §§ 844(n) and 844(i). Doc. 476 at 1. Defendant Dennis Mahon, through his own counsel, has filed a motion for appointment of counsel for Tom Metzger and Robert Joos. Doc. 1123. The motion is fully briefed. Docs. 1144, 1156. Oral argument has not been requested. For reasons stated below, the motion will be denied.

Metzger and Joos have not been indicted. Nor have they been named in the superseding indictment against Defendants. Doc. 476. Because they have been publicly named as co-conspirators, Defendant Dennis Mahon contends, "the government has chosen to try them in abstentia, without counsel or an opportunity to respond to the accusations." Doc. 1123 at 2. Their rights must be protected, Defendant asserts, and counsel for Defendant claims an obligation to raise the issue with the Court. *Id.* at 2-3.

The government notes, correctly, that Defendant cites no legal authority for the proposition that unindicted co-conspirators should be appointed counsel. Doc. 1144

at 2-3. Nor has Defendant shown, or even argued, that he has standing to request appointment of counsel on behalf of others. *See Strong v. Wisconsin*, No. 07-cv-86-bbc, 2008 WL 4280393, at *1 (W.D. Wis. Feb. 28, 2008) ("defendants do not have standing to seek appointment of counsel for someone who is not seeking representation").

Defendant asserts that appointment of counsel for Metzger and Joos is allowed under the Criminal Justice Act, 18 U.S.C. § 3006A et seq. (Doc. 1123 at 3), but does not explain how appointment of counsel would be appropriate in this case. No "application of a witness before a grand jury" has been submitted, and it is not clear that "representation in an ancillary matter is appropriate to the proceedings[.]" *Id.* More importantly, neither Metzger nor Joos has sought appointment of counsel under the Criminal Justice Act.

Defendant's motion purportedly is based on his rights under the Fifth and Sixth Amendments to the United States Constitution. Doc. 1123 at 1. The Court is confident that counsel for Defendant will, where appropriate, effectively assert, and protect against a violation of, Defendant's own Fifth and Sixth Amendment rights. In short, the appointment of counsel for Metzger and Joos is not necessary to protect Defendant's constitutional rights.

**IT IS ORDERED** that Defendant Dennis Mahon's motion for appointment of counsel (Doc. 1123) is **denied**.

Excludable delay pursuant to 18 U.S.C. § 3161(h)(1)(D) is found to commence on August 11, 2011 for a total of __ days.

Dated this 20th day of September, 2011.

_____
David G. Campbell
United States District Judge