WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR09-0712 PHX-DGC |
| Plaintiff, | **ORDER** |
| vs. | |
| Dennis Mahon (1) and Daniel Mahon (2), | |
| Defendants. | |

The government has filed a supplemental motion to compel notice of Defendants' third-party defense and Rule 404(b) evidence. Doc. 1145. Defendants have filed a response (Doc. 1153), and the Court heard oral argument on September 30, 2011. For the reasons that follow, the motion will be **denied**.

Rule 404(b) provides "that upon request of the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial." Fed. R. Ev. 404(b). This provision applies only to the prosecution in a criminal case; no comparable provision requires notice from a defendant in a criminal case.

The government nonetheless asks the Court to compel Defendants to provide two kinds of disclosures in this case: (1) the names of all persons Defendants may identify at trial as possible perpetrators of the crimes charged in this case, and (2) any Rule 404(b) evidence that pertains to those "third-party defendants." In support of this request, the government relies primarily on Federal Rule of Criminal Procedure 16(d)(1), which

provides that a court may for good cause "deny, restrict, or defer discovery or inspection, *or grant other appropriate relief.*" Fed. R. Crim. P. 16(d)(1) (emphasis added). The government cites no case law supporting the proposition that this language authorizes a court to order a criminal defendant to produce Rule 404(b) evidence in advance of trial.

The government does contend that the Ninth Circuit's decision in *United States v. W.R. Grace*, 526 F.3d 499 (9th Cir. 2008), "squarely addresses this issue." Doc. 1145 at 2. Although *Grace* found that Rule 16 authorizes courts to order the government to produce a list of witnesses well in advance of trial, it did not extend this rule to defendants. To the contrary, the Ninth Circuit explained that "[w]e do not decide whether or to what extent the defense may be compelled to disclose a list of its witnesses before trial, and do not address those issues here." *Id.* at 509 n.7.

The government cites other cases in which district courts have required defendants to disclose expert reports before a suppression hearing or undergo a mental health exam. *See United States v. Gerena*, 116 F.R.D. 596, 697-98 (D. Conn. 1987); *United States v. Edelin*, 134 F. Supp. 2d 45, 48-49 (D.D.C. 2001). The Court does not find, however, that these authorities support the government's argument in this case. Rule 16(b)(1)(B) already requires defense disclosures of expert reports, and undergoing a mental health exam is not the same as disclosing one's defense strategy before trial.

The Court has conducted its own search of the case law and has found no cases that would support invoking the Court's authority under Rule 16(d)(1) to compel the defense to disclose information that it intends to present at trial regarding alternate suspects or "third-party defendants." Some cases address the government's obligation under Rule 16 or *Brady* to disclose information on alternate suspects that could be used to exculpate the Defendant, but the Court found no cases which invoked Rule 16(d)(1) to compel defense disclosures of possible suspects the defense intends to identify at trial.

In short, the government has not identified, and the Court has not found, any authority for the proposition that the Court may order Defendants to disclose their defense strategy before trial. As a result, the government's motion will be **denied**.

1    **IT IS ORDERED** that the government's Supplemental Motion to Compel Notice
2    of Third-Party Defense and Rule 404(b) Evidence (Doc. 1145) is **denied**
3    Excludable delay pursuant to U.S.C. § 18:3161(h)(1)(D) is found to commence on
4    _____ for a total of \_\_\_\_ days.
5        Dated this 13th day of October, 2011.

_____
David G. Campbell
United States District Judge