**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| United States of America, | No. CR09-0712 PHX-DGC |
|---|---|
| Plaintiff, | **ORDER** |
| vs. | |
| Dennis Mahon and Daniel Mahon, | |
| Defendant. | |

Defendants Dennis and Daniel Mahon have filed objections to the Court's order setting an ex parte hearing on the government's claim of law enforcement privilege. Docs. 1236, 1238. The objections are fully briefed. Docs. 1241, 1244. The Court will deny the objections.[1]

Defendants argue that the Court already granted their motion to compel discovery and "revisit[ed]" that decision when it granted the ex parte hearing (Doc. 1236 at 3), and that the Court granted the ex parte hearing "sua sponte" (Doc. 1244 at 2). Both assertions are incorrect. The government's response to Defendants' motion to compel expressly asserted that items sought in the motion were sensitive law enforcement equipment, and cited cases recognizing a qualified law enforcement privilege. Doc. 1072 at 5-6. The Court's order on Defendants' motion found that Defendants had made the Rule 16 showing needed for production of the evidence, but specifically recognized that the government had asserted a law enforcement privilege. Doc. 1130 at 4. The order therefore did *not* order production of the evidence, but instead required the government to

---

[1] Defendant Daniel Mahon's request for oral argument is denied because the issues are fully briefed and oral argument will not aide the Court's decision.

identify items used in the Catoosa investigation and identify those "that the government claims should not be disclosed because of law enforcement sensitivity." *Id.* The government did so, stated that it objected to disclosure of the information under a protective order, and suggested that a "Senior Technical Operations Officer" could "testify *ex parte* regarding the specifics of each type of equipment and the details of this equipment that make them all law enforcement sensitive." Doc. 1140 at 5. Defendants' response to this filing suggested that the "Senior Technical Operations Officer" should testify in an open hearing. Doc. 1157 at 4. Thus, the Court did not order the government to produce evidence and later revisit its decision, and did not raise the issue of an ex parte hearing sua sponte as Defendants suggest.

Defendants also repeatedly state that the Court is "once again" holding "yet another" ex parte hearing, as though such hearings have occurred in the past. Doc. 1236 at 3-5. If Defendants are referring to the ex parte communications that occurred with both sides in this case over matters related to "Client B," the comparison clearly is inapt. Those communications did not concern evidentiary or discovery matters in this case. They concerned law enforcement communications with another client of the Federal Public Defenders' Office that raised concerns about possible disqualification, and the Court's attempt to get to the bottom of the matter without the need for disqualification.

Defendants argue that the VCR technology used at Catoosa is "outdated and completely outmoded" and therefore cannot possibly be sensitive law enforcement equipment. Doc. 1236 at 4. As Defendants well know, however, the Court's ex parte hearing has nothing to do with VCR equipment. *See* Doc. 1140 at 2 (VCR equipment "is not law enforcement sensitive"); Doc. 1232 at 4 (VCR equipment irrelevant to Defendants' discovery request because not used to transmit communication in question).

Most importantly, the Court cited case law in support of the proposition that ex parte hearings may be used to assess the government's assertion of a *Roviaro*-type law enforcement privilege. *See Global Relief Found., Inc. v. O'Neill*, 315 F.3d 748, 754 (7th Cir. 2002) ("*Ex parte* consideration is common in criminal cases where, say, the identity

of informants otherwise might be revealed, *see Roviaro v. United States*[.]"); *United States v. Gonzalez*, 2009 WL 742309 *1 (C.D. Cal. 2009) (court conducted *ex parte* hearing to evaluate *Roviaro* privilege claim); *United States v. Salemme*, 978 F. Supp. 386, 389 n. 8 (D. Mass. 1997) (*ex parte* submission used to evaluate *Roviaro* privilege claim); *cf. United States v. Klimavicius-Viloria*, 144 F.3d 1249, 1261 (9th Cir. 1998) ("*Ex parte* hearings are generally disfavored. In a case involving classified documents, however, *ex parte, in camera* hearings in which government counsel participates to the exclusion of defense counsel are part of the process that the district court may use in order to decide the relevancy of the information.") (citation omitted). Defendants cite no case suggesting that these authorities are incorrect. Moreover, other cases from the Ninth Circuit have approved ex parte hearings in the *Roviaro* context. *See United States v. Johns*, 948 F.2d 599, 606 (9th Cir. 1991) (district court's ex parte hearing to consider government's request to maintain confidentiality of informant approved over defendant's objection); *United States v. Fixen*, 780 F.2d 1434, 1439-40 (9th Cir. 1986) (suggesting use of in camera proceedings to resolve *Roviaro* issues); *see also* 39 Geo. L. J. Ann. Rev. Crim. Proc. at 376 (2010) ("The trial court may be required to conduct an *in camera* inspection to determine whether *Roviaro* requires disclosure of an informant's identity") (citing numerous federal court of appeals decisions).

**IT IS ORDERED** that Defendants' motion to vacate (Doc. 1236) and objections to the ex parte hearing (Doc. 1238) are **denied**.

Excludable delay pursuant to U.S.C. § 18:3161(h)(1)(D) is found to commence on _____ for a total of \_\_\_\_ days.

Dated this 31st day of October, 2011.

_____
David G. Campbell
United States District Judge