**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>vs.<br><br>Dennis Mahon and Daniel Mahon,<br><br>Defendant. | No. CR09-0712 PHX-DGC<br><br>**ORDER** |

The Court held a hearing on November 23, 2011, to address several pending motions. This order will reflect the Court's ruling on those motions.

1. Defendant Dennis Mahon filed a motion in limine regarding government comments on the absence of defense DNA analysis. Doc. 1242. Defendant Daniel Mahon joined the motion. Doc. 1266. As the Court explained at the hearing, it cannot at this point foresee all DNA issues that will arise at trial and therefore cannot conclude that government questioning or comments on DNA evidence, including defense failure to obtain DNA evidence, would in all circumstances be irrelevant or improper. Because the DNA evidence obtained in this case is generally exculpatory, the Court thinks it unlikely that Defendants' failure to conduct DNA testing will be an issue at trial. The Court also notes, however, if the absence of defense testing becomes an issue at trial, communications between counsel likely will become a part of that issue. *See* Doc. 1242-1 at 3-4. Injecting counsel communications into the trial obviously would be problematic. Because the Court is unable to make precise rulings on these issues at this time, the motion in limine is **denied**.

2. Defendant Dennis Mahon has filed a motion in limine to preclude the

introduction of any co-defendant statements phrased in the plural, as a violation of *Bruton v. United States*, 391 U.S. 123 (1968), and *Richardson v. Marsh*, 481 U.S. 200 (1987). Doc. 1247. Defendant Daniel Mahon has joined this motion. Doc. 1266. For reasons explained on the record at the November 23 hearing, the Court **denied** the motion.

The Ninth Circuit has held that "a statement made by a co-conspirator during and in furtherance of the conspiracy" is "not barred by *Bruton*." *United States v. Allen*, 425 F.3d 1231, 1235 n.5 (9th Cir. 2005); *see also United States v. Larson*, 460 F.3d 1200, 1213 n.12 (9th Cir. 2006) ("Admission under the coconspirator exception similarly alleviates any difficulty under *Bruton* and its progeny."); *United States v. McCown*, 711 F.2d 1441, 1448-49 (9th Cir. 1983) (same). Other courts agree. *See United States v. Singh*, 494 F.3d 653, 658 (8th Cir. 2007) ("*Bruton*, however, does not preclude the admission of otherwise admissible statements by a co-conspirator under Rule 801(d)(2)(E)."); *United States v. Sanchez-Berrios*, 424 F.3d 65, 76 (1st Cir. 2005) ("there is no *Bruton* problem" when a "statement falls within the coconspirator exception to the hearsay rule" (citation omitted)); *see also Bourjaily v. United States*, 483 U.S. 171, 183-84 (1987) ("the Confrontation Clause does not require a court to embark on an independent inquiry into the reliability of statements that satisfy the requirements of Rule 801(d)(2)(E)").

This conclusion is not affected by *Crawford v. Washington*, 541 U.S. 36 (2004). In *Crawford*, the Supreme Court held that "testimonial" statements of an unavailable witness may be presented at trial – regardless of whether they otherwise would satisfy a hearsay exception – only if the witness previously was subjected to cross-examination by the defendant. The co-conspirator statements to be admitted in this case, however, are not "testimonial." They are statements made to an undercover government informant or captured on government audio and video tapes. Moreover, courts generally hold that statements of a co-conspirator are not testimonial. *See id.* at 74; *United States v. Lee*, 374 F.3d 637, 644 (8th Cir. 2004) (statement to co-conspirator not testimonial).

Thus, to the extent Defendants' motion seeks to preclude the introduction of non-

testimonial statements that fall within Rule 801(d)(2)(E), the motion is denied. The government will, of course, still be required to show that such statements satisfy the requirements of Rule 801(d)(2)(E). *See Larson*, 460 F.3d at 1211 ("A coconspirator's statement may be admitted against a defendant where the prosecution shows by [a] preponderance of the evidence that (1) the conspiracy existed when the statement was made; (2) the defendant had knowledge of, and participated in, the conspiracy; and (3) the statement was made in furtherance of the conspiracy.").

With respect to non-testimonial statements of Defendants *not* made during and in furtherance of a conspiracy – such as statements surreptitiously recorded after Defendants were arrested – Rule 801(d)(2)(E) does not apply. The Court must consider whether such statements present a *Bruton* problem. The case law contains conflicting statements.

On one hand, some courts have held that non-testimonial statements simply do not raise Confrontation Clause concerns after *Crawford* and therefore do not present *Bruton* issues. *See United States v. Johnson*, 581 F.3d 320, 326 (6th Cir. 2009) ("Because it is premised on the Confrontation Clause, the *Bruton* rule, like the Confrontation Clause itself, does not apply to nontestimonial statements"). Other courts have held that non-testimonial statements after *Crawford* continue to be analyzed under the rule established in *Ohio v. Roberts*, 448 U.S. 56 (1980). *United States v. Mooneyham*, 473 F.3d 280, 287 (6th Cir. 2007). Under that rule, such statements may be admitted if they fall within a "firmly rooted" exception to the hearsay rule or bear other indicia of reliability. 448 U.S. at 66; *Crawford*, 541 U.S. at 42. These cases could permit introduction of Defendants' non-testimonial statements not made in furtherance of the conspiracy.

On the other hand, the Ninth Circuit has suggested in dictum that *Bruton* may bar the admission of non-testimonial statements of a co-defendant not made in furtherance of a conspiracy. In *Larson*, the Ninth Circuit said that "if the statement were not the statement by a coconspirator, most likely *Bruton* . . . and its progeny bar its use in the joint-trial setting." 460 F.3d at 1212 n.10.

After reviewing numerous cases, the Court concludes that the dictum in *Larson* is

incorrect. The Supreme Court made clear in *Crawford* that the Confrontation Clause bars only testimonial statements. The Supreme Court reinforced this conclusion two years later in these words:

> A critical portion of [the *Crawford*] holding, and the portion central to resolution of the two cases now before us, is the phrase "testimonial statements." Only statements of this sort cause the declarant to be a "witness" within the meaning of the Confrontation Clause. It is the testimonial character of the statement that separates it from other hearsay that, while subject to traditional limitations upon hearsay evidence, is not subject to the Confrontation Clause.

*Davis v. Washington*, 547 U.S. 813, 821 (2006) (citation omitted). The Supreme Court thus clearly held that non-testimonial statements are not subject to the Confrontation Clause. Similarly, in *Whorton v. Bocking*, 549 U.S. 406 (2007), the Supreme Court stated that "[u]nder *Crawford* . . . the Confrontation Clause has no application to [non-testimonial] statements and therefore permits their admission even if they lack indicia of reliability." *Id.* at 420.

The Ninth Circuit repeatedly has recognized that non-testimonial statements do not implicate the Confrontation Clause. *See*, *e.g.*, *Moses v. Payne*, 543 F. 3d 1090, 1099 (9th Cir. 2008), amended and superseded on other grounds by 555 F. 3d 742 (9th Cir. 2009) ("non-testimonial statements do not implicate the Confrontation Clause"); *Delgadillo v. Woodford*, 527 F. 3d 919, 926-27 (9th Cir. 2008) ("admission of nontestimonial statements does not raise Confrontation Clause concerns."); *United States v. Sine*, 493 F. 3d 1021, 1035 n. 11 (9th Cir. 2007) ("Only testimonial out-of-court statements raise Confrontation Clause concerns."); *see also* 5 J. Weinstein & M. Berger, *Weinstein's Federal Evidence*, § 802.05[3][c] (Matthew Bender 2d ed. 2011) ("If the hearsay statements in question are non-testimonial in nature, the Confrontation Clause does not apply at all. The protections of the hearsay rules are deemed sufficient to protect a defendants' constitutional rights.").

*Bruton* is based on the Confrontation Clause. 391 U.S. at 126 ("We hold that, because of the substantial risk that the jury, despite instructions to the contrary, looked to the incriminating extrajudicial statements in determining petitioner's guilt, admission of Evans' confession in this joint trial violated petitioner's right of cross-examination secured by the Confrontation Clause of the Sixth Amendment."). Because it now is clearly recognized that non-testimonial statements do not implicate the Confrontation Clause, the Court concludes that such statements do not raise *Bruton* issues. *See Johnson*, 581 F.3d at 326. To be admissible, however, such non-testimonial statements must still satisfy the hearsay rules. *See Davis*, 547 U.S. at 821 (non-testimonial evidence, although "not subject to the Confrontation Clause," is "subject to traditional limitations upon hearsay evidence").

At the hearing on November 23, 2011, the Court stated that post-arrest, non-testimonial statements of a Defendant that otherwise would fall within *Bruton* will be admissible if the government shows that the statement falls within a firmly rooted hearsay exception within the meaning of *Ohio v. Roberts*. The Court now concludes, based on the case law discussed above, that such statements will be admissible if they satisfy any exception to the hearsay rule recognized in the Federal Rules of Evidence and are not otherwise objectionable.

3. The Court addressed the government's motion in limine regarding various trial issues. Doc. 1249. The Court made several rulings at the hearing.

The Court **granted** the motion with respect to any party's reference to pretrial delays in this case. Defendants did not oppose that portion of the motion.

The Court **granted** the motion with respect to ATF policies. The Court's previous protective order (Doc. 706) stated that Defendants should not disclose the ATF policies to any person not a party to this litigation. If Defendants seek to use the policies at trial, they must seek leave of Court to do so. As the Court discussed with the parties at the hearing, it likely will apply a *Roviaro*-type analysis, asking whether the policies are sensitive law enforcement information and, if so, whether the disclosures sought by

Defendants would be relevant and helpful to their defense.  The Court directed counsel for the government to confer with ATF in advance of trial to obtain its position on these issues so they can be resolved without delay during trial.

The Court **granted** the motion with respect to vouching by all parties.  Defendants agreed that vouching would be inappropriate.

The Court **granted** the motion with respect to Defendants' prior jury or grand jury service.  Defendants stated they do not intend to introduce such evidence.

The Court **denied** the motion with respect to Defendants' military service.  As the Court and the parties discussed during the hearing, the government should raise this issue in the future if it seeks to preclude such evidence.  Both sides should be prepared to address the relevance of such evidence to an entrapment defense, the application of Rule 404(a), and the application of *United States v. Hedgcorth*, 873 F.2d 1307, 1313 (9th Cir. 1989).

The Court addressed the portion of the motion directed at Rule 404(b) evidence to be presented by Defendants.  For purposes of trial preparation and trial management, the Court defines such evidence as "evidence of other crimes, wrongs, or acts."  To the extent Defendants seek to present evidence of other crimes, wrongs, or acts by any person, other than the crimes and acts alleged in the Indictment, they should not mention such evidence to the jury, in opening statement or otherwise, until they obtain the Court's ruling on the admissibility of such evidence.  If Defendants intend to elicit testimony or introduce exhibits of such crimes, wrongs, or acts, they should notify the Court and counsel for the government at least 24 hours before the evidence is offered.  This will permit the Court to resolve admissibility issues without unduly delaying the trial or the presentation of evidence.  To the extent the government's motion seeks to preclude reference to such 404(b) material before the Court has ruled on its admissibility, the motion is **granted**.  To the extent the motion seeks 10-day pre-trial notice of such information, the motion is **denied**.

4. The Court addressed Defendants' joint motion in limine regarding potential

testimony from Agent Moreland. Doc. 1250.

The Court **granted** the motion with respect to testimony by Agent Moreland regarding the truthfulness or untruthfulness of particular witnesses. The government stated it does not intend to present such evidence.

The Court **granted** the motion with respect to expert testimony concerning analysis of cell site information. The government stated it did not intend to elicit such expert testimony from Agent Moreland.

The Court **granted** the motion with respect to expert testimony about call pattern analysis and aberrant cell phone activity. The government stated it did not intend to elicit such expert testimony from Agent Moreland.

The Court **denied** the motion with respect to a summary of cell phone records under Rule 1006, and with respect to Agent Moreland's testimony that he relied on these records as a part of his basis for continuing his investigation of Defendants and in explaining why he conducted the investigation as he did. Such testimony does not constitute expert testimony under Rule 702.

The Court **denied** the motion with respect to voice recognition testimony by Agent Moreland. Such testimony will not be offered under Rule 702. To the extent Defendants believe that Agent Moreland cannot lay the foundation for testimony about voice recognition required by Rule 901, they may object during trial.

5. The Court **denied** Defendants' motion to strike the government's response to Defendants' notice of intent to file additional motions. Doc. 1281. The Court does not view the government's response (Doc. 1257) as improper.

Excludable delay pursuant to U.S.C. § 18:3161(h)(1)(D) is found to commence on 11/23/11 for a total of ____ days.

Dated this 1st day of December, 2011.

_____
David G. Campbell
United States District Judge