**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR09-0712 PHX-DGC |
| Plaintiff, | **ORDER** |
| vs. | |
| Dennis Mahon and Daniel Mahon, | |
| Defendant. | |

On January 3, 2012, the Court held a hearing on a variety of matters. Among others, the Court addressed the objections set forth in the chart provided by defense counsel. *See* Doc. 1402-1 at 3-4. The Court took three objections under advisement, and will now rule.

1. **WT1604**. Defendants' objection is overruled. The Court concludes that the statements included in this objection do not fall under Rule 404(b). In the first statement (Doc. 1402-1 at 27), Dennis Mahon is recounting a conversation he had with Tom Metzger about what Metzger claimed a hypothetical person might say in Court. The statement does not refer to any specific prior acts. Although Metzger suggests that this hypothetical person could claim that Dennis Mahon talks about bombing buildings, no specific prior action is mentioned.

Moreover, even if the statement could be construed as referring to specific prior bombings, the conversation occurred between Dennis Mahon and Tom Metzger – an unindicted coconspirator – during the course of the alleged conspiracy, and tends to support the allegation in Count 1 of the Superseding Indictment that Defendants,

Metzger, and others, were engaged in a conspiracy to promote racial discord by destroying buildings. "If 'other crimes, wrongs, or acts' evidence constitutes direct evidence relevant to the pending matter, Rule 404(b) does not prevent admission of the evidence." 2 J. Weinstein & A. Berger, *Weinstein's Federal Evidence*, § 404.12[3] at 404-37 (Matthew Bender, 2d ed., 2010).

Moreover, the Court concludes that the conversation between Dennis Mahon and an unindicted coconspirator, as relayed to Daniel Mahon, constitutes evidence intrinsic to the conspiracy and therefore not barred by Rule 404(b). *Id*., § 404.20[2][b] at 404-44.

2. **WT2367**. In this taped excerpt, Daniel Mahon tells Dennis that Daniel told another individual to burn down the building of a small company that was laying off white employees and hiring Mexican employees. The Court concludes that this evidence is not barred by Rule 404(b), and therefore will deny the objection. This statement was made during the time of the alleged conspiracy and tends to support the allegation in Count 1 of the Superseding Indictment that Daniel Mahon and others were engaged in a conspiracy to promote racial discord by damaging and destroying buildings. Because the statement constitutes direct evidence of the conspiracy charged in Count 1, Rule 404(b) does not prevent its admission. *Id*., § 404.12[3] at 404-37.

3. **WT3287**. In this taped excerpt, Dennis Mahon tells Daniel Mahon that "we haven't done nothing in . . . years." The Court concludes that this statement is not excluded by Rule 404(b). It does not refer to any specific prior crimes or bad acts. To the extent that it may be viewed as implying that such acts occurred, it could be viewed as consistent with, and therefore supportive of, the allegations in Count 1 that Defendants acted to promote racial discord by damaging and destroying buildings. Defendants will argue at trial they talked about such things but never actually did them. This evidence will constitute a direct response to such a defense and will tend to support the allegations of the Superseding Indictment. Because it constitutes direct evidence relevant to the charges, it is not barred by Rule 404(b). *Id*. Moreover, the jury could construe this statement as an implicit admission of the Scottsdale bombing, one of the events charged

in this case.  Because the statement has the potential to support a crime alleged in this case, the Court concludes that it is not other acts evidence subject to Rule 404(b).

Dated this 11th day of January, 2012.

_____
David G. Campbell
United States District Judge