**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR09-0712 PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| Dennis Mahon and Daniel Mahon, | |
| Defendants. | |

On January 31, 2012, the Court admitted Exhibits 214 and 215 during the testimony of Jody Citizen, a senior analyst from the legal department of Verizon Wireless. Defendants asserted a foundation objection, but the Court overruled the objection because Mr. Citizen provided sufficient evidence of authenticity to satisfy Rule 901 and possessed sufficient personal knowledge and training to testify concerning the meaning of the exhibits.[1] Mr. Citizen explained that Exhibit 215 reflects phone activity for the cellular phone bearing number 480-650-6720. He further testified that Exhibit 214 shows cell towers that handled calls from the phone from February 20 to 26, 2004, a period that includes the February 21, 2004 delivery of the Scottsdale bomb at issue in this case. Mr. Citizen identified the locations of the cell towers listed in Exhibit 214 as being in Tempe and Mesa, Arizona, showing that the phone was used near Scottsdale on those dates.

---

[1] Hearsay concerns were resolved by Mr. Citizen's testimony to the elements of Rule 803(6).

During a sidebar related to the admission of Exhibit 214, Defendants asserted a relevancy objection, arguing that no evidence connected Defendants to the 480-650-6720 phone. In response, counsel for the government stated that evidence would be admitted to show that Daniel Mahon used the phone, and that the government would agree to withdraw the exhibit if the evidence was not introduced. On the basis of this statement, the Court overruled the relevancy objection.

The government subsequently failed to produce evidence during its case-in-chief that the phone was linked to Daniel Mahon. During the defense case, the government sought to introduce such evidence during the cross-examination of Larry Hough. The Court ruled that the evidence was inadmissible hearsay. Doc. 1621.

Defendants have now moved to strike Exhibits 214 and 215, arguing that they are irrelevant because there is no evidence connecting the 480-650-6720 phone to either Defendant. Doc. 1631. In response, the government notes that evidence presented during its case-in-chief shows that the confidential informant called Dennis Mahon at that number on March 25, 2005. Doc. 1633; Ex. 200. The government asserts that it will not now seek to introduce evidence connecting Daniel Mahon to the phone, but instead will rely on work records introduced by Daniel's counsel to show his presence in Arizona at the time of the bombing.

Defendants have cried foul. They argue that the government said it would link the phone to Daniel Mahon during the sidebar related to Exhibit 214, even offering to withdraw the exhibit if it did not make the connection, and now wants to assert that the phone was linked to Dennis Mahon. Defendants characterize this as a gamesmanship. Doc. 1635.

After reading the four briefs filed by the parties on this issue (Docs. 1631, 1633, 1634, and 1635) and hearing oral argument, the Court identifies three defense arguments: (1) Defendants relied to their detriment on the government's sidebar statement that the phone would be linked to Daniel Mahon, and will therefore be prejudiced if the government is permitted to change course; (2) Exhibits 214 and 215 are irrelevant; and

(3) severance is required because the evidence could not be asserted against Defendants in separate trials. The Court will address each argument separately.

First, the Court is not persuaded that Defendants have relied to their detriment on the government's sidebar statement. During the morning break on February 14, 2012, the Court directly asked defense counsel to identify ways in which they have relied detrimentally. Defense counsel first argued that they had not called a cell phone expert because of their reliance on the government's position. Further discussion on this issue made clear, however, that the expert would not say anything responsive to the two arguments the government intends to make on the basis of the exhibits – that a phone at which the confidential informant later called Dennis Mahon was in the Scottsdale area around the time of the bombing, and that a lengthy call was made from the phone to co-conspirator Robert Joos on the day the bomb was delivered. The Court cannot conclude that Defendants released their expert in reliance on the government's position, nor that the expert would provide testimony relevant to the intended use of Exhibits 214 and 215.[2] Nor did defense counsel identify any other witness who was released, or any other disadvantage they suffered, in reliance on the government's sidebar statement. Finally, Defendants themselves admit that the government previously asserted that the phone was used by Dennis Mahon (*see* Doc. 1631 at 1), and the government stated in oral argument that investigative reports produced to the defense before trial showed that the phone was used by both Defendants.[3] The Court therefore cannot conclude that either Dennis Mahon's or Daniel Mahon's alleged link to the phone number comes as a surprise to the defense.

---

[2] The Court notes that Defendants said they were still able to arrange for their expert to catch a plane on February 14 and be at trial on February 15. Defendants elected not to do so. The Court cannot conclude that Defendants lost their expert due to reliance on the government's sidebar statement.

[3] Counsel for Daniel Mahon states that she first learned of the alleged connection to Daniel during the sidebar related to Exhibit 214. *See* Doc. 1635 at 1. The Court notes, however, that a Rolodex card listing the 480-650-6720 number for Daniel Mahon was disclosed by the government and marked as an exhibit before trial. *See* Doc. 599.

Second, Exhibits 214 and 215 are relevant. Exhibit 200, which was introduced during the government's case-in-chief, shows that the informant called Dennis Mahon at this number on March 25, 2005. This constitutes a link to Dennis Mahon sufficient to satisfy the minimal relevancy requirements of Rule 401 – the evidence has a tendency to show that Dennis Mahon was connected to the phone, and that the phone to which he was connected had been in the Scottsdale area at the time of the bombing and was used to place a lengthy call to a co-conspirator on the day the bomb was delivered. The fact that the government has not shown that Dennis Mahon was the subscriber for the phone, or was actually using the phone in February of 2004, goes to the weight of the evidence, but does not render it irrelevant.

Third, the phone evidence would be admissible in separate trials of Defendants. The government charges Defendants with conspiracy to promote racial discord on behalf of the White Aryan Resistance through the use of violence. Among the overt acts alleged in the Superseding Indictment is the February 2004 bombing in Scottsdale. Doc. 476 at 2. Evidence that Dennis Mahon is linked to a phone that was in the Scottsdale area at the time of the bombing would be admissible in a separate trial of Dennis both to show an overt act in support of the conspiracy and to support the separate charge against Dennis that he planted the bomb. Such evidence would be admissible in a separate trial of Daniel Mahon to show that his co-conspirator, Dennis Mahon, was in the Scottsdale area at the time of the bombing as alleged in the overt acts of the conspiracy. Because the evidence would be admissible in separate trials of Defendants, the Court cannot conclude that it constitutes grounds for severance.

The Court finally must determine whether Exhibit 214 should be stricken because the government said at sidebar that it would withdraw the exhibit if no connection was made between the phone and Daniel Mahon. The Court would be inclined to do so if the government had not previously asserted to Defendants that the phone was linked to Dennis Mahon, and if the government had not presented evidence of such a link during its case-in-chief. Given that the government did both, the Court cannot conclude that

Defendants were misled or prejudiced by the incomplete statement of government counsel at sidebar.

The Court finds no basis for striking exhibits that are otherwise relevant and supported by adequate foundation.

**IT IS ORDERED** that Defendants Motion to Strike Or, In The Alternative, For Severance And Mistrial (Doc. 1631) is **denied.**

Dated this 16th day of February, 2012.

David G. Campbell
United States District Judge